# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN HUNTER, | : | PRISONER CIVIL RIGHTS |
|    Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| M. HARRIS et al., | : | CIVIL ACTION NO. |
|    Defendants. | : | 1:15-CV-3386-MHC-AJB |

## UNITED STATES MAGISTRATE JUDGE'S ORDER
## AND NON-FINAL REPORT AND RECOMMENDATION

Plaintiff, John Hunter, confined in the Fulton County Jail in Atlanta, Georgia, is proceeding on excessive force, failure to intervene, and deliberate indifference claims against Defendants, Atlanta Police Officers M. Harris, A. Gibson, J. Hemphill, and T. Eisenhauer. [*See* Doc. 9 at 11; Doc. 15 at 3.] The case is before the Court on Plaintiff's (1) motions for preliminary injunction, [Docs. 61, 62], and (2) incomplete application for leave to proceed *in forma pauperis* in conjunction with those motions, [Doc. 62 at 1].

## I. Discussion

Plaintiff does not direct his motions for preliminary injunction against Defendants. Instead, Plaintiff seeks an injunction against the following non-parties to this action: Fulton County Jail Librarians Gettis and Bond; Captain Glanton; and

Lieutenant Colonel Kirt Beasley. [Doc. 61 at 1; Doc. 62 at 1.] Plaintiff asks the Court to require those non-parties to provide (1) better access to legal resources, and (2) "a means to sign for incoming legal mail (during the inspection of legal mail) in [his] presence" at the Fulton County Jail. [Doc. 62 at 1, 17.]

Plaintiff's motions for preliminary injunction are improper because he directs them against non-parties to this action. The Court lacks subject matter jurisdiction to issue an injunction against non-parties. *See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (per curiam). Accordingly, the undersigned **RECOMMENDS** that Plaintiff's motions for preliminary injunction, [Docs. 61, 62], be **DENIED WITHOUT PREJUDICE**.

If Plaintiff wishes to bring claims against Gettis, Bond, Glanton, and Beasley, Plaintiff must file a separate case, and he may seek preliminary injunctive relief in that case. Plaintiff's claims against Gettis, Bond, Glanton, and Beasley are unrelated to Plaintiff's claims against Defendants and thus may not be brought in the present case. *See* Fed. R. Civ. P. 20(a) (providing that defendants may be joined in one action if claims (1) arise "out of the same transaction, occurrence, or series of transactions or occurrences," and (2) involve "question of law or fact common to all defendants").

In light of the undersigned's recommendation on Plaintiff's motions for

2

AO 72A
(Rev.8/8
2)

preliminary injunction, Plaintiff's incomplete application for leave to proceed *in forma pauperis* in conjunction with those motions, [Doc. 62 at 1], is **DENIED AS MOOT**. If Plaintiff chooses to file a separate case against Gettis, Bond, Glanton, and Beasley, Plaintiff must submit a complete application for leave to proceed *in forma pauperis* in that case.

**II.    Conclusion**

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's incomplete application for leave to proceed *in forma pauperis* in conjunction with his motions for preliminary injunction, [Doc. 62 at 1], is **DENIED AS MOOT**.

**IT IS RECOMMENDED** that Plaintiff's motions for preliminary injunction, [Docs. 61, 62], be **DENIED WITHOUT PREJUDICE**, and the present action be returned to the undersigned for further proceedings.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this  2d  day of May, 2017.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)